**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No. 22-17842-PDR (Jointly Administered) |
| Debtors. / | |
| VPX LIQUIDATING TRUST, by and through its Liquidating Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-01009-PDR |
| JOHN H. OWOC, MEGAN ELIZABETH OWOC, JONATHAN W. OWOC, BRANDEN SHAW, DAVID RUNNEBAUM, JWO REAL ESTATE INVESTMENT I, LLC, JWO REAL ESTATE INVESTMENT II LLC, JW OWOC ENTERPRISES, LLC, 167 SPYGLASS LN LLC, 120 SPYGLASS LN LLC, 3 PELICAN DR LLC, TROPICAL SUNSET LLC, STAG DEVELOPMENT LLC, SHAW INVESTMENTS & REALTY, INC., ELITE ISLAND LLC, JHO GA-1 INVESTMENT, LLC, JHO NV-1 INVESTMENT LLC, SHERIDAN REAL ESTATE INVESTMENT A, LLC, SHERIDAN REAL ESTATE INVESTMENT B, LLC, and SHERIDAN REAL ESTATE INVESTMENT C, LLC, | |
| Defendants. / | |

**DEFENDANT DAVID RUNNEBAUM'S MOTION TO DISMISS COUNT NINE OF PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Defendant, David Runnebaum ("Runnebaum"), by and through his undersigned counsel and pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure as made applicable to adversary proceedings by Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure, files this Motion to Dismiss Count Nine of the Amended Complaint (the "Complaint") [ECF No. 105] filed by Plaintiff, VPX LIQUIDATING TRUST ("Plaintiff"), with prejudice, as follows:

**A.  Count Nine of the Complaint Should Be Dismissed With Prejudice Because it Fails to Allege the "Who, What, When, and Where" of the Purported Fraud**

1. An adversary complaint asserting a claim for fraud must satisfy the heightened pleading standard under Fed. R. Bankr. P. 7009, which applies Fed. R. Civ. P. 9.

2. Rule 9 requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009.  Because "fraud often cannot be pled with certainty before discovery," courts "look carefully for specific allegations of fact giving rise to a strong inference of fraudulent intent, keeping in mind that the pleading of scienter may not rest on a bare inference that a defendant must have had knowledge of the facts." *Wilson Family Foods, Inc. v. Brown (In re Brown)*, 457 B.R. 919, 925 (Bankr. M.D. Ga. 2011)

3. A plaintiff must allege fraud with sufficient particularity to allow the defendant "a reasonable opportunity to answer the complaint and adequate information to frame a response." *Future Tech Int'l v. Tae Il Media*, 944 F. Supp. 1538, 1571 (S.D. Fla. 1996); *First City Nat'l Bank & Tr. Co. v. Fed. Deposit Ins. Co.*, 730 F. Supp. 501, 513 (E.D.N.Y. 1990) (quoting *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557–58 (2d Cir. 1979)).

4. "Under Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants

gained by the alleged fraud." *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 866 (11th Cir. 2011) (citation and internal quotation marks omitted).

5. "To be precise, to survive a motion to dismiss, a plaintiff must assert the who, what, when, and where of the purported fraud." *Cox-Tanner v. Taylor, Bean, & Whitaker Mortg. Corp. (In re Taylor, Bean, & Whitaker Mortg. Corp.)*, No. 3:09-BK-7047-JAF, 2011 WL 5245420, at *5 (Bankr. M.D. Fla. 2011).

6. In this case, Plaintiff has failed to meet the pleading requirements of Rule 9(b) in Count Nine of the Amended Complaint because none of the allegations set forth sufficient details of Defendant's alleged fraudulent actions to aid and abet Jack Owoc's fiduciary duty.

7. A cursory review of the Complaint reveals that Plaintiff has utterly failed to assert the who, what, when, and where of Defendant's purported fraudulent actions that allegedly served to aid and abet Jack Owoc's fiduciary duty.

8. Accordingly, Count Nine of the Complaint should be dismissed, with prejudice.

**B.   Count Nine of the Complaint Fails to Allege All of the Requisite Elements to State a Cause of Action for a Claim for Aiding and Abetting Claim Breach of Fiduciary Duty**

9. "To state a claim under Florida law for aiding and abetting the breach of fiduciary duty, a plaintiff must allege facts sufficient to establish these elements: "(1) a fiduciary duty on the part of a primary wrongdoer; (2) a breach of that fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's **substantial** assistance or encouragement of the wrongdoing."". *B-Smith Enter., LP v. Bank of Am., N.A.*, 2023 U.S. App. LEXIS 3721, *3-4 (11th Cir. February 16, 2023) (citing *Fonseca v. Taverna Imps., Inc.*, 212 So. 3d 431, 442 (Fla. 3d DCA 2017) (emphasis added).

10. A cursory review of Count Nine of the Complaint reveals that Plaintiff has failed to allege that Runnebaum **substantially** assisted or encouraged Jack Owoc in purportedly breaching his fiduciary duties.

11. The following allegations in the Complaint are insufficient to state a claim against Runnebaum for aiding and abetting breach of fiduciary duty and cannot be construed as even suggesting how Runnebaum assisted Jack Owoc in purportedly breaching his fiduciary duties:

> 257. After the Owoc Real Estate Enterprise commenced, Jon Owoc, Shaw, and Runnebaum routinely emailed the Company's employees in order to obtain the funds for the real estate acquisitions.
>
> 258. In such emails, Jon Owoc, Shaw, and Runnebaum would identify the entity or individuals to which the Company's funds should be transferred and provide the wire transfer information.
>
> 259. Also, **on at least one occasion**, Runnebaum communicated with the Debtors' then- General Counsel regarding a promissory note and seller financing agreement in connection with the acquisition of at least one of the residential real properties.
>
> 260. They knew the Company's money was being used to fund the Owoc Real Estate Enterprise as their requests were to the Company's employees for wire transfers, which required Jack Owoc's express sign off.
>
> 261. Further, Runnebaum, Shaw, and Jon Owoc received wire confirmations from various individuals in the Company's accounting department, evidencing that the Company's funds were being transmitted to third parties to fund the acquisition and renovation of the real estate for the Owoc Real Estate Enterprise.
>
> 262. In furtherance of the Owoc Real Estate Enterprise, Jack Owoc directed the Company to transfer tens of millions of dollars out of the Company to pay third parties identified by Jon Owoc, Shaw, and Runnebaum, such as architects, interior designers, and title companies.

(emphasis added).

12. Plaintiff has simply failed to allege how Runnebaum's actions assisted or encouraged Jack Owoc's alleged breach of his fiduciary duties.

13. Accordingly, Count Nine of the Complaint should be dismissed, with prejudice.

**WHEREFORE**, Defendant, David Runnebaum respectfully requests the entry of an order dismissing Count Nine of the Complaint, with prejudice and providing such further relief deemed appropriate under the circumstances.

Dated this 8th day of July, 2024.

**LAW OFFICE OF MARK S. ROHER, P.A.**
*Counsel for David Runnebaum*
1806 N. Flamingo Road, Suite 300
Pembroke Pines, Florida 33028 (Main Office)
-and-
5660 Strand Court, Unit #A51
Naples, FL 34110-3343 (Satellite Office)
Email: mroher@markroherlaw.com
Telephone: (954) 353-2200

By: */s/ Mark S. Roher*
    Mark S. Roher
    Florida Bar No. 178098

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July, 2024, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

*/s/ Mark S. Roher*
Mark S. Roher