UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*,[1] | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |
| VPX LIQUIDATING TRUST, by and through its Liquidating Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-01009-PDR |
| JOHN H. OWOC, MEGAN ELIZABETH OWOC, JONATHAN W. OWOC, BRANDEN SHAW, DAVID RUNNEBAUM, JWO REAL ESTATE INVESTMENT I, LLC, JWO REAL ESTATE INVESTMENT II LLC, JW OWOC ENTERPRISES, LLC, 167 SPYGLASS LN LLC, 120 SPYGLASS LN LLC, 3 PELICAN DR LLC, TROPICAL SUNSET LLC, STAG DEVELOPMENT LLC, SHAW INVESTMENTS & REALTY, INC., ELITE ISLAND LLC, JHO GA-1 INVESTMENT, LLC, JHO NV-1 INVESTMENT LLC, SHERIDAN REAL ESTATE INVESTMENT A, LLC, SHERIDAN REAL ESTATE INVESTMENT B, LLC, and SHERIDAN REAL ESTATE INVESTMENT C, LLC, | |
| Defendants. | |
| _____/ | |

## LIQUIDATING TRUST'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEYS' FEES

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada, Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicorn Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

Plaintiff, the VPX Liquidating Trust (the "Liquidating Trust" or "Plaintiff") in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through its undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "Rules"), made applicable hereto pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this *Motion to Compel Discovery Responses* (the "Motion") to compel discovery responses from defendants John H. Owoc ("Jack Owoc"), Megan Elizabeth Owoc ("Megan Owoc"), Elite Island LLC ("Elite Island"), and the Commercial LLCs[2] (collectively, "Defendants"). In support of this Motion, the Plaintiff relies on the *Declaration of Michael A. Kaplan in Support of Liquidating Trust's Motion to Compel Discovery Responses and for Attorneys' Fees* (the "Kaplan Declaration") being simultaneously filed herewith and states as follows:

## PRELIMINARY STATEMENT[3]

1. Over three months ago, Plaintiff served Interrogatories and RFA, on Defendants. Defendants have not responded to any of the Interrogatories, and have only provided partial, inadequate responses to the RFA. For the reasons outlined below, Defendants' failure to timely respond to Interrogatories (or respond at all for that matter) and fully respond to the RFA is baseless and unjustifiable.

2. As a result of Defendants' failure to comply with the discovery rules, Plaintiff is now forced to incur the time and expense of filing the instant motion. Plaintiff respectfully

---

[2] "Commercial LLCs" means: (i) JHO GA-I Investment LLC, (ii) JHO NV-I Investment LLC; (iii) Sheridan Real Estate Investment A, LLC; (iv) Sheridan Real Estate Investment B, LLC; and (v) Sheridan Real Estate Investment C, LLC.

[3] Capitalized terms used in the Preliminary Statement have the same meanings ascribed to them in this Motion.

requests that the Court order Defendants to respond to the Interrogatories, deem certain of the RFAs admitted, and grant Plaintiff the costs and fees incurred in filing this motion.

## FACTUAL BACKGROUND

### A. The Adversary Proceeding

3. On January 18, 2024, the Liquidating Trust filed its *Adversary Complaint for Breaches of Fiduciary Duty, Corporate Waste, Aiding and Abetting Breaches of Fiduciary Duty, Unjust Enrichment, Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550 and Fla. Stat. § 726.105(1)(a), (b), and 726.108, Turnover of Property, Declaratory Judgment, and Disallowance of Claims* [Adv. Pro. ECF No. 1] against Defendants, among others, which was subsequently amended. *See* Adv. Pro. ECF No. 148, Second Amended Complaint.[4]

4. On October 7, 2024, Defendants filed the *Answer and Affirmative Defenses of Defendants John H. Owoc, Megan Elizabeth Owoc, Elite Island LLC, JHO GA-1 Investment LLC, JHO NV-1 Investment LLC, Sheridan Real Estate Investment A, LLC, Sheridan Real Estate Investment B, LLC and Sheridan Real Estate Investment C, LLC to Second Amended Complaint* [Adv. Pro. ECF No. 156].

### B. The Liquidating Trust's Discovery Requests

5. On November 5, 2024, the Liquidating Trust served requests for admission (the "RFAs") on Defendants. *See* Kaplan Decl., Ex. A.

6. On November 22, 2024, the Liquidating Trust served interrogatories (the "Interrogatories") on Defendants. *See* Kaplan Decl., Ex. B.

---

[4] On February 7, 2025, the Clerk of the Court filed the redacted version of the *Second Amended Complaint* [Adv. Pro. ECF No. 229].

3

7. Defendants' responses to the RFAs were initially due on December 22, 2024, however, the parties agreed to extend the deadline for the response to the RFAs to January 17, 2025. *See* Kaplan Decl., Ex. C.

8. Defendants' responses to the Interrogatories were due on December 5, 2024. The parties never discussed an extension to the deadline for the Interrogatories.

9. On January 17, 2025, Defendants each served their materially deficient responses and objections to the RFAs (collectively, the "RFA Responses") on the Liquidating Trust. *See id.*, Ex. C.

10. Defendants' RFA Responses were deficient in the following respects:

   a. Defendants merely lodged objections to certain of the RFAs without admitting or denying the RFA. *See* RFA Response to Megan Owoc Request Nos. 22, 24, 25; Commercial LLCs Request Nos. 78, 95, 96, 98; and Jack Owoc Request Nos. 7, 36, 37, 39–53, 102, 103, 106–121, 123–125, 128–152, 155–159, 161–163, and 294

   b. Defendants responded "without knowledge and therefore denied," without (i) stating that they made a reasonable inquiry into the requests, and (ii) describing the information known to it and the nature of the inquiry made. *See* RFA Response to Jack Owoc Request Nos. 203, 209, 231, 238, 239, 244, 249, 250, 265, 273, 294, 297, 298, and 300 and Commercial LLCs Request Nos. 50, 56, and 99.

11. Defendants did not serve responses to the Interrogatories along with their RFA Responses, or otherwise communicate to Plaintiff when the responses to the Interrogatories would be served.

12. On January 30, 2025, the Liquidating Trust sent a letter (the "Deficiency Letter") to Defendants' counsel which (i) identified the various deficiencies in the RFA Responses, (ii)

4

offered Defendants an opportunity to meet and confer regarding the deficiencies, and (iii) noted Defendants' failure to respond to the Interrogatories and requested a response by a date certain. *See id.*, Ex. D.

13. The Deficiency Letter requested responses and objections to the Interrogatories and a supplement response curing the deficiencies with respect to the RFAs in the RFA Responses by February 7, 2025.[5]

14. Additionally, on March 7, 2025, Plaintiff's counsel notified Defendant's counsel, via email, that Plaintiff intended to file a motion to compel if Defendant did not promptly remedy the deficiencies. *See id.* ¶ 8.  Counsel did not respond.

15. To date, Defendants have failed to respond to the Deficiency Letter, respond to the Interrogatories, or cure the deficiencies identified in the Deficiency Letter.

## RELIEF REQUESTED

16. Despite Plaintiff's efforts to resolve these discovery issues without judicial involvement, Defendants have neither remedied the deficient RFA Responses, or responded to the Interrogatories.  Thus, Plaintiff seeks the Court's assistance in connection with the following disputed discovery issues.

## ARGUMENT

### A. Plaintiff Attempted to Meet and Confer with Defendants

17. Before filing a motion to compel, the movant must have in good faith conferred or attempted to confer with the opposing party to obtain the discovery without court action.  Fed. R. Civ. P. 37(a)(1).

---

[5] The Deficiency Letter inadvertently listed February 7, 2024, as opposed to February 7, 2025, as the deadline to respond.

18. Here, Plaintiff sent the Deficiency Letter on January 30, 2025 identifying, with specificity, certain deficiencies in the RFA Responses, satisfying the meet and confer requirement. *See* Kaplan Decl. ¶ 4. The Deficiency Letter also highlighted Defendant's failure to respond to Interrogatories. *Id*.

19. Further, Plaintiff notified Defendants on March 7, 2025 that if they did not remedy the deficiencies in their RFA and respond to the Interrogatories, Plaintiff would file a motion to compel. Plaintiff did not respond to counsel's email.

20. Plaintiff provided Defendants with two separate opportunities to meet and confer regarding the deficiencies, to no avail.

**B. This Court Should Compel Defendants to Provide a Response to Plaintiff's Interrogatories**

21. Defendants have entirely failed to respond to the Interrogatories, without any explanation or justification and this Court should compel a response.

22. A party must, to the extent it does not object, answer each interrogatory separately and fully in writing under oath. Fed. R. Civ. P. 33(b). "The answers to interrogatories must be responsive, full, complete and unevasive." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991)). Additionally, the failure to timely respond to interrogatories results in the waiver of any objections. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see also Steel v. NCC Recovery, Inc.*, No. 13-CV-559-T-33EAJ, 2013 WL 12170585, at *2 (M.D. Fla. Aug. 22, 2013) (finding party did not have "good cause for the untimely response" to interrogatories and deeming objections waived).

23. Plaintiff served Defendants with Interrogatories in November 2024, more than four months ago. Despite ample opportunity to do so, Defendants failed to respond entirely to the Interrogatories in contravention of Rule 33(b). *See* Fed. R. Civ. P. 33(b). Accordingly, the Court should compel Defendants to respond and deem any objections to the Interrogatories waived.

**C. The Deficient RFA Responses Should be Deemed Admitted.**

24. Defendants' RFA Responses are deficient for two reasons. First, Defendants inappropriately lodged objections without admitting or denying certain of the RFAs. *See* Megan Owoc Request Nos. 22, 24, and 25; Commercial LLCs Request Nos. 78, 95, 96, and 98; and Jack Owoc Request Nos. 7, 36, 37, 39–53, 102, 103, 106–121, 123–125, 128–152, 155–159, 161–163, and 294. Second, Defendants assert a lack of knowledge sufficient to admit or deny certain of the requests without adequate explanation of the efforts, if any, they undertook to respond to the request. *See* Jack Owoc Request Nos. 203, 209, 231, 238, 239, 244, 249, 250, 265, 273, 294, 297, 298, 300 and Commercial LLCs Request Nos. 50, 56, 99.

25. Federal Rule of Civil Procedure 36 governs requests for admission. The Rule's purposes are "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed. 1994)).

26. Rule 36(a) affords the responding party limited options for responding to a request for admission:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of

7

>knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). Certain of the RFA Responses fall far short of the requisite standard because, among other things, Defendants failed to properly admit or deny the requests or conduct a reasonable inquiry into the subject matter of the RFAs.

27. Defendants' failure to admit or deny the RFAs must be remedied. A party may not lodge an objection to a request in order to evade its obligation to admit or deny the RFA. Nor may a party lodge an objection and assert that the request is denied solely due to the reasons outlined in the objection. *Cole v. Raytheon Techs. Corp.*, No. 22-CV-62225, 2024 WL 474311, at *3 (S.D. Fla. Feb. 7, 2024) (compelling plaintiff to provide responses to requests for admission where plaintiff "prefaced its responses . . . with an objection," followed by "answer stating it was either 'unable to admit or deny' or 'denied.'"). That is precisely what Defendants have done here.

28. Setting aside the procedural infirmity, the objections themselves are also baseless. For example, in response to Request Nos. 106–121, 123–125, 128–152, 155–159, and 161–163, Jack Owoc asserted that each request was "not relevant to the claims asserted against John H. Owoc in this case and appear to relate to pending litigation in another case, which is an improper use of a request for admissions since any matters admitted are only admitted for the instant case and not for any other purpose." These Requests for Admissions seek admissions about the real estate venture between Jack Owoc, Jonathan Owoc, Brendan Shaw and others that was funded by the Debtors, i.e., the Owoc Real Estate Enterprise. The Complaint contains more than 50 paragraphs of factual allegations about the Owoc Real Estate Enterprise and Counts 1, and 7–10 of the Complaint assert claims for breaches of fiduciary duty against Jack Owoc in connection with fraudulent transfers made to acquire residential real property for the Owoc Real Estate

Enterprise, and assert aiding and abetting breach of fiduciary claims against other defendants in this action. *See* Second Am. Compl. ¶¶ 233–82, 438–50, and 504–29. The Requests for Admission are indisputably relevant to those allegations as they seek information regarding the nature of the transfers from the Debtors to various real estate related entities, confirmation of which real estate entities owned which pieces of real property, and the business arrangement between Jack Owoc and certain of the co-defendants. Moreover, the mere fact that the RFAs seek admissions regarding parties and entities that are the subject of another proceeding – a receivership action pending in Florida state court regarding the ownership of certain of the limited liability companies involved in the Owoc Real Estate Enterprise – does not impact the propriety of the RFAs. Indeed, RFAs are limited to the instant action so there is no risk that Jack Owoc's responses will prejudice his positions in the state court receivership action. *See* Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit, *for purposes of the pending action only,* the truth of any matters within the scope of Rule 26(b)(1)" (emphasis added)).

29. Jack Owocs' relevance objection to Jack Owoc Request Nos. 49-53, which seek information about the launch of the Bang Drink and the Debtors' advertising of "Super Creatine," are similarly baseless. Count 3 of the Complaint asserts a breach of fiduciary duty claim against Jack Owoc based on the actions he took which gave rise to over $400 million in judgments in the Monster Lawsuit and OBI/Monster Arbitration – the crux of those claims is that Jack Owoc knowingly made false representations regarding the existence of "Super Creatine." *See* Second Am. Compl. ¶¶ 458-469. The Debtors' advertising of Super Creatine, and Jack Owoc's role connection therewith is plainly relevant to those allegations.

30. In response to Request Nos. 95, 96, and 98 – which each seek an admission that Jack Owoc signed certain documents on behalf of the Commercial LLCs --- the Commercial LLCs

9

objected that "the document referred to speaks for itself." *See* Commercial LLCs Response to Request Nos. Nos. 95, 96, and 98. Like the other objections, the Commercial LLCs objections are meaningless. The purpose of an RFA is to streamline the issues for trial. *Perez*, 297 F.3d at 1268. Plaintiff is entitled to know whether the Commercial LLCs intend to challenge the authenticity of the signatures on the documents at issue, or otherwise assert that they were not authorized by Jack Owoc.

31. Megan Owoc's objections to Megan Owoc Requests Nos. 22, 24, and 25 also violate the relevant rules. Request Nos. 22 and 24 both seek admissions regarding Megan Owoc's use of company employees for personal endeavors. *See* Megan Owoc Request Nos. 22: ("Admit that You did not personally compensate the Debtors' employees for the time spent working on Your personal YouTube page") and 24 ("Admit that You did not personally compensate the Debtors' employees for the time spent working on Your personal swimsuit brand"). In response to each request, Megan Owoc responded "Objection. The request assumes that the Debtors' employees worked on Megan Owoc's personal YouTube page, which they did not," and "Objection. The request assumes that the Debtors' employees worked on Megan Owoc's personal swimsuit brand." Neither response includes the express denial or admission required by the Rules.

32. Accordingly, this Court should deem the following RFAs admitted:

    a. Megan Owoc Request Nos. 22, 24, and 25.

    b. Commercial LLCs Request Nos. 78, 95, 96, and 98.

    c. Jack Owoc Request Nos. 7, 36, 37, 39–53, 102, 103, 106–121, 123–125, 128–152, 155–159, 161–163, and 294.

33. Additionally, a number of the RFA Responses assert that Defendants lack sufficient knowledge to admit or deny the RFA at issue. While parties are permitted to assert lack

of knowledge as a basis for failure to respond to an RFA, such a response is only appropriate "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). A party is obliged to make "make 'reasonable inquiry' into the subject matter of the requests" and consult materials that are 'readily obtainable.'" *Odom v. Roberts*, 337 F.R.D. 347, 351 (N.D. Fla. 2020) (quoting *Veranda Beach Club Ltd. P'ship v. W. Sur. Co.*, 936 F.2d 1364, 1374 (1st Cir. 1991)). Here, Defendants failed to do so.

34. Instead, the Defendants asserted they lacked sufficient knowledge regarding events that they were directly involved in and should recall. For example, Requests 56 and 59 of the RFAs to the Commercial LLCs both inquire about purchase and sale agreements entered into by Sheridan B. Sheridan B should have access to the relevant purchase and sale agreements, or otherwise be able to confirm whether those sales occurred. *See* Commercial LLCs Request Nos. 56 ("Admit that Sheridan B entered into a purchase agreement for the Sheridan B Property in 2020 for a purchase price of $40,632,549.") and 59 ("Admit that Sheridan B sold the Sheridan B Property on December 15, 2021, to an unaffiliated third party for a sale price of $58,250,000."). Requests 209 and 212 of the Jack Owoc RFAs are identical. *See* Jack Owoc Request Nos. 209 ("Admit that Sheridan B entered into a purchase agreement for the Sheridan B Property in 2020 for a purchase price of $40,632,549.") and 212 ("Admit that Sheridan B sold the Sheridan B Property on December 15, 2021, to an unaffiliated third party for a sale price of $58,250,000.") Sheridan B is a non-debtor entity that was wholly owned and operated by Jack Owoc. Thus, Sheridan B and Jack Owoc (as its owner) should both possess the requested information. To the extent they do not have the requested information, they should outline what information is available to them, and what efforts they undertook to investigate the information at issue in the

RFA. *See In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, No. 08-MD-1916-KAM, 2023 WL 2137941, at *2 (S.D. Fla. Feb. 21, 2023) (explaining that a "responding party starts with its existing knowledge ("the information it knows"). It then has a duty to educate itself further with "readily obtain[able]" information.").

35. Jack Owoc's responses to various of other RFAs are similarly deficient. For example, certain of the RFAs inquire specifically about actions taken by Jack Owoc. *See* Jack Owoc Request Nos. 231 ("Admit that You caused Quash to enter into a lease agreement with JHO NV."); 238 ("Admit that You declared rental income on Your 2020 federal tax returns from the Wagon Trail Property in the amount of $36,612"); 239 ("Admit that You declared rental income on Your 2021 federal tax returns from the Wagon Trail Property in the amount of $43,935"); 244 ("Admit that You caused the Debtors to enter into a lease agreement with JHO GA."); 249 ("Admit that You declared rental income on Your 2020 federal tax returns from the Lithia Springs Property in the amount of $590,370"). He either took the identified actions and can admit that they were taken, or he did not commit the identified acts and should deny the request. The assertion that he lacks reasonable information to respond to these, and other RFAs is nonsensical.

36. At minimum, Jack Owoc and the Commercial LLCs' non-response reflect a lack of reasonable inquiry. *See Odom*, 337 F.R.D. at 351.

37. Accordingly, the Court should deem the following RFAs admitted for failure to comply with Rule 36(a)(4), or alternatively, direct Defendants to serve an amended response:

    a. Commercial LLCs Request Nos. 50, 56, 99.

    b. Jack Owoc Request Nos. 203, 209, 231, 238, 239, 244, 249, 250, 265, 273, 294, 297, 298, and 300.

**D. Plaintiff is Entitled to Recover the Costs incurred in Bringing this Motion**

38. Defendants' failure to respond to the Interrogatories or fully respond to the RFAs is not "substantially justified," and therefore, this Court should award Plaintiff the reasonable costs and fees associated with filing this Motion.

39. Rule 37(a)(5), applicable in this proceeding under Bankruptcy Rule 7037, provides for the award of attorneys' fees to the moving party if a motion to compel is granted unless: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5).

40. Here, Defendants entirely failed to respond to the Interrogatories which, alone, warrants a fee award. *Williams v. Perry Slingsby Sys. Inc. Technip Grp.*, No. 08-81076-CIV, 2009 WL 10668667, at *2 (S.D. Fla. Apr. 1, 2009) (granting motion to compel and awarding attorneys' fees where party failed to timely respond to discovery requests). Additionally, as outlined in Paragraphs 25-29 of this Motion Defendants' objections to certain of the RFAs are not substantially justified. Despite being given an opportunity to amend their deficient RFA Responses and withdraw their baseless objections, Defendants failed to do so resulting in unnecessary motion practice. *See In re Jet Network, LLC*, No. 08-11165-BKC-RAM, 2012 WL 2998610, at *9 (Bankr. S.D. Fla. July 23, 2012) (finding objection to discovery requests baseless and awarding fees in connection with filing motion to compel). Accordingly, Plaintiff is entitled to recover the fees and costs associated with this Motion.

## CONCLUSION

41. For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and (i) order Defendants to respond to the Interrogatories; (ii) deem Defendants' deficient RFA Responses admitted; (iii) order Defendants to reimburse Plaintiff for the costs and fees incurred in bringing the instant Motion; and (iv) grant such other and further relief as this Court deems just and proper.

Dated: March 12, 2025

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq. (*admitted pro hac vice*)
Eric Chafetz, Esq. (*admitted pro hac vice*)
Michael A. Kaplan, Esq. (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com

**BAST AMRON LLP**

By: */s/ Peter J. Klock, II*
Brett M. Amron, Esq. (FBN 0148342)
Peter J. Klock, II, Esq. (FBN 103915)
One Southeast Third Avenue, Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (786) 206-8740
Email: bamron@bastamron.com
Email: pklock@bastamron.com

*Counsel to the Liquidating Trust*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served on all parties registered to receive electronic notifications in this case via CM/ECF on this 12th day of March, 2025.

/s/ *Peter J. Klock*
Peter J. Klock, II, Esq.