

**ORDERED in the Southern District of Florida on April 3, 2026.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

|  |  |
|---|---|
| In re: | Chapter 11 Cases |
| VITAL PHARMACEUTICALS, INC., *et al.*, | Case No.: 22-17842-PDR |
| Debtors. | (Jointly Administered) |
| _____/ | |
| VPX LIQUIDATING TRUST, by and through its Liquidating Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-01009-PDR |
| JOHN H. OWOC, MEGAN ELIZABETH OWOC, ELITE ISLAND LLC, JHO GA-1 INVESTMENT, LLC, JHO NV-1 INVESTMENT LLC, SHERIDAN REAL ESTATE INVESTMENT A, LLC, SHERIDAN REAL ESTATE INVESTMENT B, LLC, and SHERIDAN REAL ESTATE INVESTMENT C, LLC, | |
| Defendants. | |
| _____/ | |

4932-6345-1293, v. 1

## ORDER GRANTING EMERGENCY
## MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS MATTER** was before this Court on April 2, 2026, at 2:00 p.m. in Fort Lauderdale, Florida, upon the *Emergency Motion of the VPX Liquidating Trust for a Temporary Restraining Order and Preliminary Injunction Against Elite Island, Incorporated Memorandum of Law, and Incorporated Declarations* [Adv. Pro. Dkt. No. 452] (the "Motion")[1] and the Notice of Filing of Certification of Michael A. Kaplan [Adv. Pro. Dkt. No. 455] (the "Notice") filed by the VPX Liquidating Trust (the "<u>Plaintiff</u>") in the above-captioned adversary proceeding.  In addition to the Motion and the Notice, the Court considered the *Defendants' Opposition to Emergency Motion for Temporary Restraining Order and Request for Sanctions* [Adv. Pro. Dkt. No. 456] filed by Defendants John H. Owoc and Megan Elizabeth Owoc ("Defendants"), as well as oral argument presented by the VPX Liquidating Trust and Defendants.  At the hearing, the Court considered Plaintiff's request for entry of a temporary restraining order pending a further hearing on Plaintiff's request for a preliminary injunction.  With respect to the request for a temporary restraining order, the Motion seeks entry of an order (a) prohibiting Elite Island from encumbering, transferring, dissipating, or otherwise disposing of the Overseas Highway Property until such time as the Court has considered and ruled upon Plaintiff's request for a preliminary injunction, and (b) granting related relief.  For the reasons stated on the record,[2] the Court finds and concludes that:

      A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

      B.     Defendants were provided with notice of the hearing on the Motion. *See* Adv. Pro. Dkt. No. 453.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

[2] This Court granted the Motion at the hearing on April 2, 2026, at approximately 5:20 p.m.

4932-6345-1293, v. 1

C.      The legal and factual bases set forth in the Motion and the accompanying declarations and related papers and at the hearing establish just cause for the relief granted herein.

D.      To wit, Plaintiff established that, in the absence of a temporary restraining order, it will suffer irreparable harm because the Overseas Highway Property in which the Liquidating Trust holds an equitable stake would otherwise be impaired before this Court can adjudicate the claims on the merits. Indeed, Mr. Owoc confirmed on the record that Elite Island has lenders ready and that a loan could close in as little as two weeks, and that process will be used to fund litigation defense for Mr. Owoc and his affiliated entities, including Elite Island.  Thus, the risk of harm is concrete and imminent. If Elite Island encumbers the Overseas Highway Property via a mortgage, the Plaintiff's ability to recover this specific property—the primary equitable remedy under Plaintiff's claims to avoid and recover fraudulent transfers—is permanently diminished. That is not a harm remedied by money damages.

E.      Moreover, Plaintiff established a probable likelihood of success on its claims against Elite Island to avoid and recover fraudulent transfers.  It cannot be genuinely disputed—and it is not seriously debated—whether the Debtor transferred the money used to purchase and maintain the property, and Plaintiff has presented the Court with declarations and reports from expert witnesses that tend to show that the Debtor was insolvent at the time the relevant transfers were made.  Mr. Owoc, for his part, contends that such transfers were legitimate distributions, but the law is clear that a distribution of profit from an insolvent entity is a fraudulent transfer.  While the Court makes no determination regarding the Debtor's insolvency at this juncture, Plaintiff's showing is sufficient to establish a probable likelihood of success on its claims to avoid and recover fraudulent transfers.

Accordingly, it is

**ORDERED** as follows:

1.      The Motion is **GRANTED** as to the request for a temporary restraining order under section 105(a) of the Bankruptcy Code, Rule 65 of the Federal Rules of Civil Procedure, and Rule

7065 of the Federal Rules of Bankruptcy Procedure.

2.       Pending a hearing on Plaintiff's request for a preliminary injunction and issuance of a ruling on same, Defendant Elite Island, its members, managers, shareholders, employees, and individuals or entities authorized to act on their behalf (the "Restrained Parties") are prohibited from directly or indirectly encumbering, dissipating, transferring, selling, assigning and/or otherwise disposing of the Overseas Highway Property, effective immediately.

3.       Notwithstanding the foregoing, the Court will consider granting relief from its temporary restraining order to permit Elite Island to take a loan for the purpose of using the proceeds of same to engage and retain counsel to represent Elite Island.

4.       Any motion seeking relief from the temporary restraining order, including for the purpose of obtaining a loan to fund the engagement and retention of counsel, must set forth with specificity and present evidence demonstrating the existence of factual circumstances warranting such relief.

5.       The Court will consider any motion seeking relief from the temporary restraining order on 48 hours' notice to the Plaintiff.

6.       Nothing in this Order shall prevent the Plaintiff from seeking further relief with respect to Elite Island or the Overseas Highway Property.

7.       Pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedures, the Plaintiff is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

8.       The Plaintiff shall serve a copy of this Order on Defendants within (1) business day of the entry of this Order.

9.       Plaintiff shall file any reply memorandum in support of the Motion on or before April 10, 2026.

4932-6345-1293, v. 1

10.     All parties shall appear before the undersigned for an evidentiary hearing to be held on **April 15, 2026 at 1:30 p.m.** The hearing will be held at **299 E Broward Blvd., Courtroom 301 (PDR), Fort Lauderdale, FL**.

11.     At the foregoing hearing (the "Preliminary Injunction Hearing"), the parties shall be prepared to address all legal issues relevant to Plaintiff's requested preliminary injunction, with particular attention to the likelihood of success and insolvency issues.

12.     The Court retains jurisdiction over this Order and the relief granted herein.

# # #

Submitted by:

**LOWENSTEIN SANDLER LLP**

Jeffrey L. Cohen, Esq. (*admitted pro hac vice*)
Eric Chafetz, Esq. (*admitted pro hac vice*)
Michael A. Kaplan, Esq.
(*admitted pro hac vice*)
Markiana J. Julceus, Esq.
(*admitted pro hac vice*)
Erica G. Mannix, Esq. (*admitted pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
Email: jcohen@lowenstein.com
Email: echafetz@lowenstein.com
Email: mkaplan@lowenstein.com
Email: mjulceus@lowenstein.com
Email: emannix@lowenstein.com

**BAST AMRON LLP**

Brett M. Amron (FBN 0148342)
Peter J. Klock, II (FBN 103915)
One Southeast Third Avenue,
Suite 2410
Miami, Florida 33131
Telephone: (305) 379-7904
Facsimile: (786) 206-8740
Email: bamron@bastamron.com
Email: pklock@bastamron.com

*Counsel to the Liquidating Trust*

*Attorney Klock is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

4932-6345-1293, v. 1